## CIRCUIT COURT OF FAIRFAX COUNTY

Zeeshan Sarwar

v.

Harold W. Clarke,
Director, Virginia
Department of Corrections

December 31, 2014

Case No. CL-2014-9354

BY JUDGE JANE MARUM ROUSH

This matter is before the court on the petitioner's Petition for a Writ of Habeas Corpus, the respondent's Motion to Dismiss, the petitioner's Opposition to the Motion to Dismiss, and the respondent's Motion to Strike. For the following reasons, the Motion to Dismiss will be granted.

*Background*

The petitioner is Zeeshan Sarwar. Following a jury trial, Mr. Sarwar was convicted in this court in 2011 of the offense of speeding to elude in violation of Va. Code Ann. § 46.2-817. The court later imposed the jury's sentence of five years of incarceration. In his petition, Mr. Sarwar asks that he be granted a hearing on his claim that his conviction should be set aside because of ineffective assistance of counsel. Specifically, Mr. Sarwar claims that his counsel was ineffective for failing to object when, before the presentation of evidence, the trial judge gave a preliminary instruction to the jury on the elements of the offense charged.

At Mr. Sarwar's trial, after the jury was impaneled and before opening statements, the trial judge gave the following preliminary instruction to the jury panel:

> I am going to give you a complete set of jury instructions at the conclusions of all the evidence. I am just going to have several instructions for you to give you some guidance on how to determine the credibility of the witnesses, for example, and what the burden of proof is, and attempt to define what beyond a reasonable doubt is, but in the meantime, in an effort not to

keep you in the dark, I am going to give you an instruction now of the basic elements of the offense that the defendant is charged with so you know what to listen for. And I will give you this again at the end of all of the instructions, and you are to consider all the instructions in the case.

[T]he defendant is charged with the crime of disregarding a signal by a law enforcement officer to stop. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

1. That the defendant received a visible or audible signal from a law enforcement officer to bring his motor vehicle to a stop; and

2. That the defendant drove such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law enforcement vehicle or endanger a person.

And those are the elements of the crime and the Commonwealth has to prove each of those beyond a reasonable doubt. And, again, I will give you that instruction at the end of all the evidence in that case.

Trial Transcript at pp. 64-65.

Neither the defense counsel nor the prosecutor objected to the court's preliminary instruction to the jury, although the trial court informed counsel at a bench conference of her intention to read the instruction to the jury before opening statements. Trial Transcript at pp. 63-64.

The jury had previously been instructed during voir dire of such matters as the presumption of innocence, the burden of proof, and the right of the defendant not to testify. *See generally* "Suggested Questions for Judge to Pose on Voir Dire," *Virginia Criminal Benchbook for Judges and Lawyers*, Appendix § 3 (2014-2015). In addition, the court had given the preliminary instruction to the jury. *See generally* "Preliminary Instruction to Civil Jury," *Virginia Criminal Benchbook for Judges and Lawyers*, Intro.05 (2013-2014). *See also Virginia Model Jury Instructions — Criminal*, Instruction No. 2.050 (LexisNexis Matthew Bender).

Mr. Sarwar contends that it was error for the court to give the preliminary instruction outlining the elements of the charged offense before the presentation of the evidence and that the error was a structural defect requiring reversal of his conviction. Further, Mr. Sarwar argues that the timing of the instruction was prejudicial and that his defense counsel was ineffective for failing to object. The respondent opposes the petition, arguing that the petitioner has not made a sufficient showing for habeas relief.

*Discussion*

It is in the Court's discretion to give instructions before or after presentation of the evidence. Rule 3A:16 of the Virginia Supreme Court states that, "[i]n a felony case, the instructions shall be reduced to writing. In all cases, the court shall instruct the jury before arguments of counsel to the jury." Va. Sup. Ct. R. 3A:16(a) (2014). The Rule does not preclude giving a preliminary instruction to the jury before the evidence is presented.

Mr. Sarwar argues that the timing of the jury instruction was a structural defect in the trial procedure and therefore requires automatic reversal rather than a review under the harmless error standard. He cites *Neder v. United States*, 527 U.S. 1 (1999), for this proposition. *Neder*, however, is inapposite. *Neder* stands for the proposition that a trial defect which deprives a defendant of basic protections or which vitiate the jury's findings may call for an automatic reversal, rather than harmless error review. *Id.*, at 9, 11. *Neder* held that an omission of an element in a jury instruction is subject to harmless error review, not automatic reversal. *Id.*, at 10.

Mr. Sarwar relies on *Sullivan v. Louisiana*, 508 U.S. 275 (1993), to support his argument that the jury instruction in his case was a structural defect. Mr. Sarwar's reliance on *Sullivan* is misplaced. As the *Neder* court explained, the trial court in *Sullivan* had given a defective reasonable doubt instruction that vitiated all of the jury's findings. *See Neder*, 527 U.S. at 10.

In the present case, the jury instruction was not defective. The instruction in question is *Virginia Model Jury Instructions-Criminal*, Instruction No. G45-300 (LexisNexis Matthew Bender). Nor does the jury learning the elements of the charge before the presentation of evidence fundamentally deprive the defendant of his basic protections or vitiate all of the jury's findings.

Academic research focused on American juries explains that juries often have trouble understanding jury instructions. Nancy S. Marder, "Bringing Jury Instructions into the Twenty-First Century," 81 *Notre Dame L. Rev.* 449, 454 (2006). One solution posited is to provide jury instructions at the beginning of the trial. Ellen Chilton & Patricia Henley, "Jury Instruction: Helping Jurors Understand the Evidence and the Law." *PLRI Reports* (Spring 1996) University of California, Hastings College of the Law, Public Law Research Institute (available at http:// gov.uchastings.edu/ public-law/docs/ plri/juryinst.pdf). Instructions given earlier can provide a basic framework by which the jurors can understand the issues. *Id.* One commentator has described the practice of instructing juries only at the end of the trial as akin to "telling jurors to watch a baseball game and [then] decide who won without telling them the rules until the end of the game." William W. Schwarzer, "Reforming Jury Trials," 1990 *U. Chi. Legal F.* 119, 130 (1990).

Mr. Sarwar argues further that his trial counsel was ineffective for failing to object to the preliminary instruction. To determine whether counsel's representation was deficient to the extent that the defendant

was denied his constitutionally-protected right to counsel, the court must apply the two-pronged test enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984). First:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690. Secondly, "[c]onflict of interest claims aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Id.*, at 693. To prove prejudice:

> [t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.*, at 694.

Mr. Sarwar fails to meet either prong of the *Strickland* standard. He cites no authority that supports his argument that it is error for a jury to be given a preliminary instruction before the presentation of evidence.

Mr. Sarwar also fails to show any prejudice to his case. He presents no evidence that there would have been a different outcome but for the timing of the jury instruction. The evidence of Mr. Sarwar's guilt was overwhelming.

### Conclusion

For these reasons, the Motion to Dismiss will be granted, and the Petition for Writ of Habeas Corpus will be dismissed.